JUSTICE LEMONS, concurring.
Despite results that are undoubtedly harsh and despite inconsistency with prior practice of the Court, I must concur with the majority opinion. As the majority opinion states, the text of Code § 8.01-654(B)(2) “could not be more explicit.” In the absence of legislative history or context that suggests otherwise, the plain meaning of the text must guide our statutory interpretation.
The majority opinion holds that:
At the time of filing the initial petition, the prisoner must include “all” claims the facts of which are known to the prisoner. And, no habeas relief will be granted based upon “any” *605 allegations the facts of which the prisoner had knowledge at the time of filing any previous petition.
The majority opinion changes prior practice and inteipretation of the Court. For example, the Court previously has granted a first petition for writ of habeas corpus alleging only that counsel failed to file an appeal in a timely manner. Thereafter, after an unsuccessful appeal, and despite the prisoner’s failure to allege any other basis for the first petition, the Court has permitted a second petition alleging trial-related claims.
If a prisoner were to challenge by petition for writ of habeas corpus only the conditions of confinement or the calculation of credits for time served in a local jail, the majority opinion will preclude a second petition that raises trial-related claims for the first time. Finally, as in this case, a prisoner permitted to withdraw a petition prior to adjudication will be precluded from refiling on any basis other than those alleged in the withdrawn petition. Previously, the Court has permitted such withdrawal “without prejudice” and has considered refiled petitions adding additional claims.
Arguably, so long as the statute of limitations has not expired, the majority opinion would permit the amendment of a petition to add new claims, a practice previously permitted by the Court, but prohibit the withdrawal of a petition and refiling with new claims. The distinction between the two procedures is without practical significance.
The hypotheticals posited above reflect the consequences of the plain meaning of the text of Code § 8.01-654. If, as suggested by the dissent, the General Assembly did not intend such results, it, most likely, will reconsider the provisions of the statute.